85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas D. GIBSON, Plaintiff-Appellant,
v.
The UNIVERSITY OF CINCINNATI; Nancy Talbott; Tina Whalen,
Defendants-Appellees.
 No. 95-3461.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 Before: MERRITT, Chief Circuit Judge, LIVELY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case represents another attempt by an Ohio litigant to avoid the effect of our en banc decision in Leaman v. Ohio Department of Mental Retardation & Development Disabilities, 825 F.2d 946 (6th Cir.1987), cert. denied, 487 U.S. 1204 (1988). Because we are bound by that decision and find no merit in the plaintiff's arguments, we affirm the decision of the district court.
 
 I.
 
 2
 The plaintiff, Douglas D. Gibson, was a student at the University of Cincinnati Physical Therapist Assisting Program. He became involved in a dispute with the defendants, Talbott and Whalen, over whether he had satisfied a regulation that required each student in the program to provide a physician's certification that he or she had received a Hepatitis B vaccination. Ms. Talbott was the program coordinator and Ms. Whalen worked under her. After Mr. Gibson's efforts to convince the two individual defendants that he had met the requirements failed, Ms. Talbott dismissed him from the program.
 
 
 3
 On September 17, 1993, Mr. Gibson filed a complaint in the Ohio Court of Claims seeking a permanent injunction requiring the University of Cincinnati to reinstate him in the program and $200,000 in compensatory damages. On December 1, 1993, the court of claims issued a decision which held that the plaintiff was entitled to a permanent injunction and bifurcated the issue of damages. On December 30, 1993, the court of claims issued findings of fact and conclusions of law. The court of claims found that the plaintiff, Gibson, had failed to prove by a preponderance of the evidence his allegation charging intentional or negligent infliction of emotional distress, the allegation on which the claim for damages was based. In an "Agreed Entry" on January 25, 1994, the court of claims vacated its previous order for a trial on damages and formally entered the permanent injunction.
 
 
 4
 On March 31, 1994, Mr. Gibson filed an action in federal district court, naming the University of Cincinnati, Ms. Talbott and Ms. Whalen as defendants. He sued Ms. Talbott and Ms. Whalen in both their individual and official capacities. This suit was brought under 42 U.S.C. §§ 1983, 1985 and 1988, and sought both compensatory and punitive damages against all three defendants, as well as costs and attorney fees. More specifically, he demanded a judgment against the defendants, jointly and severally, for $610,000 in compensatory damages and $8,000,000 in punitive damages. This claim for damages was based on the same acts of Ms. Talbott and Ms. Whalen that were the basis for the monetary claims in the Ohio Court of Claims.
 
 
 5
 Relying on this court's en banc decision in Leaman, the district court held that Mr. Gibson had waived his right to litigate the same allegations of wrongdoing in federal court under the federal civil rights statutes that he had relied upon in his action before the Ohio Court of Claims.
 
 II.
 
 6
 The Ohio Court of Claims statute, Ohio Revised Code § 2743, states as pertinent here:
 
 
 7
 § 2743.02 State waives immunity from liability.
 
 
 8
 (A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.
 
 
 9
 Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
 
 
 10
 In Leaman we held that this statute put all claimants who wish to take advantage of the state's voluntary waiver of sovereign immunity on notice that by proceeding in the court of claims the claimants themselves "waive any cognate claims they might have against the state's employees." 825 F.2d at 951. We stated that § 2743.02(A)(1) gives plaintiffs an option not otherwise available to them--the right to sue the state and state officials in their official capacities for damages. The quid pro quo for this opportunity to sue the state for damages is the waiver of any cause of action that the party filing in the court of claims may have against a state officer or employee based on the same alleged wrongful act or omission. Id. at 951-52. A plaintiff who chooses not to exercise this option may sue under 42 U.S.C. § 1983 either in federal district court or in the state court of common pleas.
 
 
 11
 In Leaman, and again in Thomson v. Harmony, 65 F.3d 1314 (6th Cir.1995), this court rejected the very arguments that Mr. Gibson relies upon in this appeal. This court has twice held that foreclosure of a claimant's right to sue in federal court under 42 U.S.C. § 1983 because he has sought damages from a state agency or institution in the Ohio Court of Claims does not deny the claimant any right guaranteed by a federal statute or the Constitution of the United States. Howlett v. Rose, 496 U.S. 356 (1990), relied upon by the plaintiff, does not require a contrary result. The Supreme Court held in Howlett that state as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983, and that state courts have a duty to enforce federal law. Thus, a state court cannot decline jurisdiction over § 1983 claims in the absence of a "valid excuse." Howlett dealt with an entirely different question from the one involved in our application of Ohio Revised Code § 2743.02(A)(1).
 
 
 12
 The only other question before us is whether the court of claims' finding that Ms. Talbott acted in "an arbitrary and capricious manner" in dealing with Mr. Gibson resulted in a voiding of Mr. Gibson's waiver under the last sentence of § 2743.02(A)(1). We agree with the district court that a finding that a state officer or employee acted in an arbitrary and capricious manner is not the equivalent of a finding that "the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."
 
 
 13
 The judgment of the district court is AFFIRMED.